IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEHAD K., | Civil No. 1:26-cv-03499-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| MARKWAYNE MULLIN, *et al.*, | A# 221-043-625 |
| Respondents. | |

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

Petitioner Jehad K.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  After presenting

himself to immigration authorities at the United States border on January 20, 2025,

Petitioner expressed a fear of returning to his native country of Syria, and he was

immediately detained pursuant to 8 U.S.C. § 1225(b).  *Id.* at pgs. 10–11.  Immigration

authorities processed Petitioner for expedited removal and referred him to an asylum

officer for a credible fear determination.  *Id.* at pg. 11.  The asylum officer interviewed

Petitioner and determined that Petitioner did not establish a credible fear of

persecution.  *Id.*  Petitioner sought review of the asylum officer's decision, and an

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

immigration judge affirmed the asylum officer's determination on February 20, 2025.
*Id.*  Nothing in the record suggests that Petitioner is any closer to being removed than when the immigration judge's decision was issued, 475 days ago.

Subject to two exceptions not relevant here, 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) states that any noncitizen who is subject to expedited removal "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."  *Accord* 8 C.F.R. § 235.3(b)(2)(iii); *Flores v. Rosen*, 984 F.3d 720, 738 (9th Cir. 2020).  Courts have concluded, however, that prolonged mandatory detention can violate an individual's constitutional rights.  *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) ("Nearly all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." (citation modified)).

And against the background of these constitutional considerations, the Supreme Court has interpreted 8 U.S.C. § 1231—the specific provision of the Immigration and Nationality Act that provides procedures for the detention and removal of noncitizens ordered removed—as not authorizing indefinite detention.  *Zadvydas v. Davis*, 533 U.S.

2

678 (2001).  When a noncitizen is detained under 8 U.S.C. § 1231, therefore, it is generally unnecessary to resolve whether indefinite detention would violate constitutional rights; the government does not have the statutory authority to act in a way that would tee up the constitutional question.  The Supreme Court has not, however, had any occasion to resolve whether 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) is susceptible to a similar interpretation.

Here, Petitioner argues that his ongoing detention violates his due process rights under the Fifth Amendment, and that this is true whether he is being detained under either 8 U.S.C. § 1231(a)(6) or 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  Dkt. No. 6, at pgs. 3–7. Respondents initially moved to dismiss the petition, arguing that Petitioner's due process rights have not been violated because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  Dkt. No. 5, at pg. 1.  Respondents now concede, however, that "all post-order removal contexts"—that is, contexts that include detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) for individuals with a final expedited removal order—are subject to certain limitations, and that challenges to such detention are governed by the Supreme Court's decision in *Zadvydas*, 533 U.S. 678.  Thus, for purposes of deciding this case, the court will apply the *Zadvydas* standard in evaluating Petitioner's claim.

In *Zadvydas*, the Supreme Court stated that in deciding whether detention is, or is not, permissible pursuant to statutory authority, "courts must ask whether the

3

detention in question exceeds a period reasonably necessary to secure removal."

533 U.S. at 699. "[I]f removal is not reasonably foreseeable, the court should hold

continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700.

Under the detention authority at issue in *Zadvydas*, the Court concluded that a six-

month period of detention is presumptively reasonable. *Id.* at 701. Beyond that, "once

the alien provides good reason to believe that there is no significant likelihood of

removal in the reasonably foreseeable future, the Government must respond with

evidence sufficient to rebut that showing." *Id.*

Respondents acknowledge that Petitioner has been detained for 475 days since

his expedited removal order became final. *See* Dkt. No. 10, at pg. 2 ("February 20,

2025[,] is when the *Zadvydas* clock began running in this case[.]"). Petitioner's detention

is, therefore, no longer presumptively reasonable. And Petitioner asserts that

"throughout his detention, he has repeatedly inquired with immigration officials

regarding the status of his removal," and each time, "he has been informed that no

travel arrangements have been made and that he must continue to wait." Dkt. No. 1, at

pg.11. Given these unchallenged factual assertions—taken together with the substantial

period that has passed without Petitioner being removed—the court finds that

Petitioner has met his burden of showing good reason to believe that there is no

significant likelihood he will be removed in the reasonably foreseeable future. *Accord*

*Gonzalez v. Warden ICE Processing Ctr.*, No. 2:26-cv-00667-DGE, 2026 WL 1017586, at *4

4

(W.D. Wash. Apr. 15, 2026); *Jamshidiparvar v. Thompson*, No. 5:25-cv-1326-JKP, 2026 WL 301070, at *5 (W.D. Tex. Feb. 2, 2026).  The burden therefore shifts to Respondents.

Respondents, for their part, have not shown a significant likelihood of removal in the reasonably foreseeable future.  They offer no evidence showing any efforts that they have taken to secure Petitioner's removal during the last fifteen months.  They do not dispute that they are required to secure a travel document to effectuate Petitioner's removal, but state only that they "do not have any developments to report."  *Id.* at pg. 2. And Respondents do not seek any further opportunity to make the required showing. *Id.* ("Respondents request to submit on the previously-submitted record.").  The court therefore finds that Respondents have not rebutted Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.  *Accord Yousaf v. Thompson*, No. SA-26-cv-2190-FB (HJB), 2026 WL 1507835, at *5 (W.D. Tex. May 18, 2026), *report and recommendation adopted*, No. SA-26-cv-2190-FB, 2026 WL 1513235 (W.D. Tex. May 29, 2026).

Given the circumstances of this case, Respondents are ORDERED to immediately release Petitioner Jehad K. (A# 221-043-625) from their custody under appropriate conditions of release.  *See Gonzalez*, 2026 WL 1017586, at *5.  Petitioner's request for an order enjoining Respondents from effectuating his removal to a third country absent certain protections is DENIED without prejudice because nothing currently suggests

5

that Respondents are seeking to remove him to a third country.  The Clerk of Court is

DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 10, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03499-MWJS; *Jehad K. v. Mullin,* et al.; ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS